IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYRONE DARNES,

        Petitioner,                 No. CIV S-07-0319 LKK EFB P

      vs.

D.K. SISTO, Warden, et al.,

        Respondents.           FINDINGS AND RECOMMENDATIONS

_____/

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This action proceeds on the February 16, 2007, petition. Respondents move to dismiss this action on the ground that it is a second or successive petition and petitioner has not obtained an order from the Court of Appeals for the Ninth Circuit authorizing this court to consider it. See 28 U.S.C. § 2244(b)(3)(A).

      For the reasons explained below, the court recommends that respondents' motion to dismiss be granted.

**I.**      **Procedural History**

      A Solano County jury convicted petitioner of second-degree murder, Cal. Pen. Code § 187(a), with findings that petitioner used a firearm. Cal. Pen. Code § 12022.5. On March 11, 1994, the trial court sentenced petitioner to state prison for 19 years to life for the murder and

1

1 imposed a consecutive five-year term on a related probation revocation case.  *See* Resps.' Mot.

2 to Dism., Ex. A; *Tyrone Douglas Darnes v. Steven Cambra, Jr.*, Case No. CIV S-97-1093 GEB

3 DAD P (E.D. Cal.).

Petitioner appealed the state judgment and filed a state petition for writ of habeas corpus. *See* Resps.' Mot. to Dism., Exs. B-D.  On February 27, 1996, the California appellate court filed an unpublished opinion affirming the judgment and denying the petition for writ of habeas corpus. *Id*., Exs. B-D.

On May 29, 2996, the California Supreme Court denied the petition for review. *Id*., Ex. E.

On April 28, 1997, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. *Id*., Ex. F.  On August 27, 1997, the California Supreme Court denied the petition for writ of habeas corpus. *See id.*

On June 12, 1997, petitioner filed a petition for writ of habeas corpus in this court, challenging the state judgment. *See* Resps.' Mot. to Dism., Ex. A.  On October 18, 2000, the United States Magistrate Judge filed findings and recommendations recommending that the District Court deny the federal petition.  *Id*.  On December 19, 2000, the district court adopted the magistrate judge's findings and denied the federal petition on the merits.  *Id*., Ex. G.

On August 31, 2005, petitioner filed a petition for writ of habeas corpus in the state trial court.  On November 3, 2005, the trial court denied the state petition.  *See* Pet., Unnumbered Ex., Exhaustion of State Remedies.

On January 25, 2006, the California appellate court denied the petition for writ of habeas corpus.  *See id.*

On November 15, 2006, the California Supreme Court denied the petition for writ of habeas corpus.  *Id*.

On February 16, 2007, petitioner filed the instant petition in this court.

////

**II.     Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. *Williams v. Taylor*, 529 U.S. 362 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63 (2003) (disapproving of the Ninth Circuit's approach in *Van Tran v. Lindsey*, 212 F.3d 1143 (9th Cir. 2000)); *Williams v. Taylor*, 529 U.S. 362 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer*, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." *Id*. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983); *Harris v. Nelson*, 394 U.S. 286, 290 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. *Brecht v. Abrahamson*, 507 U.S. 619, 633 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e) (1); *Purkett v. Elem*, 514 U.S. 765 (1995); *Thompson v. Keohane*, 516 U.S. 99 (1995); *Langford v. Day*, 110

3

F.3d 1380, 1388 (9th Cir.1997).

**III.     Analysis**

Although respondents moves to dismiss this petition on several grounds, the court finds it necessary to address only one. Respondents have shown that this current petition is a second or successive petition and must be dismissed because petitioner has not obtained the needed authorization for such a petition from the Court of Appeals.

Under AEDPA's "gatekeeping" provisions, an applicant seeking to file a second or successive petition must obtain from the appropriate court of appeals an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless:

> A court of appeals may grant such an order only upon a showing that:
> (A) the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B) (I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underling the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)-(B).

Petitioner does not deny that this petition challenges the same conviction challenged in his prior petition in this court. Nor does he claim that he has obtained the required authorization from the Court of Appeals. Rather, he only addresses the argument that the petition is untimely, which is irrelevant to the successive claims issue. Because the present petition is successive and not authorized by the Court of Appeals, it must be dismissed.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Respondent's May 9, 2007, motion to dismiss be granted; and

////

4

1. 2. The Clerk of the Court be directed to enter judgment for respondents and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 19, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

\